

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 8976

SCOTT WRIGHT,

           Plaintiff,

v.

NYPD OFFICER MICHAEL MANETTA
and JACQUELINE MUSANTI,

           Defendants.

ECF CASE

Case No.

**COMPLAINT**

**JURY TRIAL DEMANDED**

COMES NOW THE PLAINTIFF, Scott Wright, by his attorney, Steven M. Warshawsky, for his complaint against the defendants, NYPD Officer Michael Manetta and Jacqueline Musanti, and alleging as follows:

## NATURE OF THE CASE

1. This is a civil rights action under 42 U.S.C. § 1983 and New York tort law arising from the plaintiff's arrest on November 21, 2013, by defendant NYPD Officer Michael Manetta based on false accusations made against the plaintiff by defendant Jacqueline Musanti. By this action, plaintiff asserts a claim for selective prosecution against Officer Manetta and claims for assault and battery, false arrest, and malicious prosecution against Musanti. The plaintiff is entitled to compensatory damages for the harms he has suffered as a result of the defendants' unlawful conduct, punitive damages to punish and deter the defendants from engaging in similar unlawful conduct in the future, attorney's fees and costs, and all available legal and equitable relief. The plaintiff demands trial by jury.

1

## PARTIES

2. Plaintiff **Scott Wright** is a citizen of New York and resides in Queens, New York. Mr. Wright was born in 1969. He is African-American.

3. Defendant **NYPD Officer Michael Manetta** (Tax No. 949248) is an employee of the New York City Police Department. Upon information and belief, his place of business is the NYPD 14th Precinct (Midtown South) located at 357 West 35th Street, New York, New York, 10001; (212) 239-9811. Officer Manetta personally participated in the unlawful conduct alleged herein. At all relevant times, Officer Manetta was acting under color of state law and in the scope of his employment with the NYPD. Officer Manetta is being sued in his individual capacity under 42 U.S.C. § 1983.

4. Defendant **Jacqueline Musanti** is a citizen of New York and, upon information and belief, resides in Brooklyn, New York. Upon information and belief, Musanti was born in 1983. Musanti is Caucasian. Musanti personally participated in the unlawful conduct alleged herein. Musanti is being sued in her individual capacity under New York tort law.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, because this action arises under the Constitution and civil rights laws of the United States.

6. This Court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because the plaintiff's federal and state law claims derive from a common nucleus of operative facts and form part of the same case or controversy under Article III of the U.S. Constitution.

7. This Court has venue over this action pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

8. There are no administrative exhaustion requirements for bringing the plaintiff's claims under 42 U.S.C. § 1983 and New York tort law.

## FACTUAL ALLEGATIONS

9. The events in this case took place on November 21, 2013, around 9:10 a.m., on a public sidewalk on 39th Street between Seventh Avenue and Eighth Avenue in Manhattan. Mr. Wright's place of employment was located on this block at 225 West 39th Street.

10. On the date and time in question, Mr. Wright was walking to work on 39th Street. He was walking on the north side of the street, heading west. There was moderate pedestrian traffic on that stretch of sidewalk.

11. Mr. Wright passed in front of Musanti, who also was walking west on the sidewalk. Musanti immediately took offense at Mr. Wright's person, perhaps believing he had cut her off, and intentionally kicked him twice in the back of his legs.

12. Mr. Wright turned around, saw Musanti, and asked her, "Did you really just kick me?" Musanti answered "Yes," then arrogantly told him to "get out of [her] way" and threatened to kick him again.

13. At this point, Mr. Wright tried to disengage himself from the situation and walked towards the entrance of his office building, but Musanti stood in his path and continued yelling at him. Mr. Wright put his hands up and lightly pushed Musanti out of his way. In response, Musanti attacked Mr. Wright in an

angry and hysterical manner, kicking, scratching, slapping, and punching at Mr. Wright's face, body, groin, and legs.

14. There was no provocation or justification for Musanti's attack on Mr. Wright.

15. Mr. Wright reasonably and lawfully defended himself by trying to deter, deflect, and shield himself from Musanti's blows. At no time did Mr. Wright hit back at Musanti.

16. When Musanti did not stop her assault, Mr. Wright grabbed her by the coat and pulled her to the ground, trying to immobilize her. Quickly thereafter, a security guard from Mr. Wright's office building grabbed Mr. Wright from behind and separated him from Musanti. Mr. Wright did not resist. By this time, a crowd of people had gathered to watch.

17. As Mr. Wright was being held by the security guard, Musanti resumed attacking him, which continued until the security guard released Mr. Wright and he entered the building and went to his office on the 6th floor.

18. The entire incident lasted approximately three to four minutes.

19. Mr. Wright had a bloody scratch on his face and other minor injuries.

20. Upon information and belief, Musanti was not injured during the incident.

21. Around 9:15 a.m., several NYPD police officers, including Officer Manetta, entered Mr. Wright's place of employment. The police officers did not witness the altercation between Mr. Wright and Musanti.

22. Upon information and belief, the police officers were called to the scene by Musanti, who falsely and maliciously accused Mr. Wright of assaulting

4

her on the street. The officers told Mr. Wright that Musanti wanted to "press charges" against him.

23. Officer Manetta asked Mr. Wright what had happened, and Mr. Wright explained to the officer that Musanti had kicked him for no reason and then started attacking him. Another officer asked Mr. Wright if Musanti had hit him, and he said "yes" and pointed out the scratches on his face. The officer scoffed and said, "I get scratched all the time."

24. One of the police officers spoke with one of Mr. Wright's coworkers, asking her "what type of guy" he was. She told the officer that Mr. Wright is "a very quiet guy" and that "we have a good day every day."

25. While he was speaking with the police officers, Mr. Wright repeatedly told them that he wanted to press charges against Musanti. Officer Manetta refused to take his complaint and told him that he could not press charges against her. When Mr. Wright asked him why, Officer Manetta simply stated "because you can't."

26. Upon information and belief, Officer Manetta refused to allow Mr. Wright to press charges against Musanti because Mr. Wright is African-American and male, whereas Musanti is Caucasian and female.

27. Officer Manetta then arrested Mr. Wright, handcuffed him behind his back, and escorted him out of the building in front of coworkers, clients, and numerous pedestrians. Mr. Wright was placed in the backseat of a patrol car in front of his office building, where he waited for approximately 45 minutes. During this period, Mr. Wright's boss arrived on the scene and went over to speak with Mr. Wright. One of the police officers asked his boss, with malicious glee, "Are you going to fire him?"

28. Mr. Wright was taken to the 14th Precinct, where he was detained for approximately one and one-half hours. He was placed inside a holding cell. He was fingerprinted and photographed. During the booking process, Officer Manetta told him that "more than likely your case will be dismissed in court."

29. Around 11:30 a.m., Mr. Wright was issued a desk appearance ticket by Officer Manetta. He was charged with assault in the third degree (P.L. § 120.00(1)), a misdemeanor.

30. At no time did Mr. Wright intend to cause physical injury to Musanti. At no time did Mr. Wright cause physical injury to Musanti. Any such accusations made by Musanti were false and malicious.

31. Mr. Wright was required to appear in criminal court at 100 Centre Street on January 6, 2014 (Docket No. 2014NY000128), at which time he was arraigned and pleaded not guilty to the charges against him. These charges now included two charges of assault in the third degree, one charge of attempted assault in the third degree (P.L. § 110.00), and one charge of harassment in the second degree (P.L. § 240.26), all misdemeanors.

32. Upon information and belief, all of the charges against Mr. Wright were based on false and malicious accusations by Musanti, who instigated the altercation with Mr. Wright and attacked Mr. Wright, without provocation or justification. Musanti, not Mr. Wright, was guilty of assault and harassment.

33. At all relevant times, Mr. Wright acted reasonably and lawfully in attempting to defend himself from Musanti's illegal and tortious conduct.

34. After his arraignment, Mr. Wright was required to return to criminal court on at least six more occasions in 2014, on or about February 13, April 22, May 29, August 4, September 22, and October 2.

35. Mr. Wright maintained his innocence from the start. He rejected all plea deals offered by the District Attorney's Office.

36. On October 2, 2014, Mr. Wright's criminal case was dismissed on speedy trial grounds and sealed pursuant to C.P.L. § 160.50.

37. At the time of the incident, Mr. Wright was employed by a company named Webgains, where he served as an account manager. Mr. Wright's employment with Webgains was terminated (for unrelated reasons) in or about May 2014. In July 2014, Mr. Wright was offered a position as senior account manager with a company named nRelate, subject to a standard background check. Unfortunately, as a direct result of his then-pending arrest and prosecution, Mr. Wright's job offer with nRelate was revoked in August 2014. At this time, Mr. Wright continues to search for new employment.

38. On numerous occasions, from the date of the incident until the end of his employment with Webgains, Mr. Wright was teased, ridiculed, and insulted by unknown persons in the vicinity of his office building who apparently witnessed his altercation with Musanti.

## COUNT ONE: SELECTIVE ENFORCEMENT
(Officer Manetta; Section 1983)

39. Plaintiff repeats and re-alleges Paragraphs 1-38 above.

40. The elements of a claim for selective enforcement are (1) the plaintiff, compared with others similarly situated, was selectively treated; and (2) the selective treatment was based on an impermissible consideration.

41. As alleged above, Mr. Wright was selectively treated by Officer Manetta, who charged and arrested Mr. Wright but did not charge or arrest Musanti based on the altercation between the two of them.

42. As alleged above, Musanti was similarly situated to Mr. Wright insofar as she was, and was known by Officer Manetta to be, an equal participant in the altercation with Mr. Wright.

43. The only relevant difference between Mr. Wright and Musanti is that he is an African-American male and she is a Caucasian female.

44. As alleged above, Officer Manetta's selective treatment of Mr. Wright was based on an impermissible consideration, to wit that Mr. Wright is an African-American male and Musanti is a Caucasian female.

45. Officer Manetta's selective treatment of Mr. Wright violated Mr. Wright's right to equal protection of the laws under the Fourteenth Amendment of the United States Constitution.

46. Officer Manetta is not entitled to qualified immunity.

47. Officer Manetta's actions violated Mr. Wright's clearly established rights.

48. It was not objectively reasonable for Officer Manetta to believe that his actions did not violate Mr. Wright's rights.

49. Officer Manetta acted with intentional, knowing, callous, and/or reckless indifference to Mr. Wright's rights.

50. As a result of Officer Manetta's unconstitutional conduct, Mr. Wright suffered loss of liberty, insult and embarrassment, emotional pain and suffering, physical pain and suffering (from being handcuffed), lost

income, and other compensable injuries, for which he is entitled to an award of compensatory damages.

51. Mr. Wright is entitled to an award of punitive damages to punish Officer Manetta for his unconstitutional conduct and to deter him and other police officers from engaging in similar unconstitutional conduct in the future.

### COUNT TWO: ASSAULT AND BATTERY
(Musanti; New York tort law)

52. Plaintiff repeats and re-alleges Paragraphs 1-51 above.

53. Under New York tort law, an "assault" is an intentional placing of another person in fear of imminent harmful or offensive contact. A "battery" is an intentional wrongful physical contact with another person without consent.

54. As alleged above, Musanti committed tortious assault against Mr. Wright when she threatened to kick him if he did not "get out of [her] way," after already having kicked him just moments before making her threat.

55. As alleged above, Musanti committed tortious battery against Mr. Wright when she kicked, scratched, slapped, and punched him.

56. Musanti's actions were intentional, wanton, and malicious.

57. As a result of Musanti's tortious conduct, Mr. Wright suffered physical pain and suffering, emotional pain and suffering, and other compensable injuries, for which he is entitled to an award of compensatory damages.

9

58. Mr. Wright is entitled to an award of punitive damages to punish Musanti for her tortious conduct and to deter her and others from engaging in similar tortious conduct in the future.

### COUNT THREE: FALSE ARREST
### (Musanti; New York tort law)

59. Plaintiff repeats and re-alleges Paragraphs 1-58 above.

60. Under New York law, the elements of a cause of action for false arrest are: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of his confinement; (3) the plaintiff did not consent to his confinement; and (4) the confinement was not otherwise privileged.

61. As alleged above, Mr. Wright was arrested by the NYPD on November 21, 2013, following his altercation with Musanti.

62. Under New York law, a private defendant may be held liable for a wrongful arrest by the police if she affirmatively procured or instigated or played an active role in the arrest.

63. As alleged above, Musanti affirmatively procured and instigated and played an active role in Mr. Wright's arrest by falsely and maliciously accusing Mr. Wright of assaulting her on the street and "pressing charges" against him. Furthermore, it was reasonably foreseeable that Musanti's accusations would result in Mr. Wright's arrest by the NYPD.

64. In the absence of Musanti's false and malicious accusations, there was no probable cause to arrest Mr. Wright for any crime, including but not limited assault, attempted assault, and harassment.

65. As a result of Musanti's unlawful and tortious conduct, Mr. Wright has suffered loss of liberty, insult and embarrassment, emotional pain and suffering, physical pain and suffering (from being handcuffed), lost income, and other compensable injuries, for which he is entitled to an award of compensatory damages.

66. Mr. Wright is entitled to an award of punitive damages to punish Musanti for her tortious conduct and to deter her and others from engaging in similar tortious conduct in the future.

### COUNT FOUR: MALICIOUS PROSECUTION
(Musanti; New York tort law)

67. Plaintiff repeats and re-alleges Paragraphs 1-66 above.

68. The elements of a claim for malicious prosecution under New York law are: (1) the defendant initiated a criminal prosecution against the plaintiff; (2) the defendant lacked probable cause; (3) the defendant acted with malice; and (4) the prosecution was terminated in the plaintiff's favor.

69. As alleged above, Musanti initiated a criminal prosecution against Mr. Wright.

70. As alleged above, Musanti lacked probable cause to accuse Mr. Wright of any crimes.

71. As alleged above, Musanti acted with malice.

72. As alleged above, the criminal prosecution was terminated in Mr. Wright's favor.

73. As a result of Musanti's unlawful and tortious conduct, Mr. Wright has suffered loss of liberty, insult and embarrassment, emotional pain

and suffering, lost income, and other compensable injuries, for which he is entitled to an award of compensatory damages.

74. Mr. Wright is entitled to an award of punitive damages to punish Musanti for her tortious conduct and to deter her and others from engaging in similar tortious conduct in the future.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff Scott Wright hereby demands a trial by jury as to all issues triable by jury in the above-captioned civil action.

## PRAYER FOR RELIEF

WHEREFORE the Plaintiff prays for relief as follows:

A. A judgment declaring that Officer Manetta is liable for violating the plaintiff's right to equal protection of the laws (Count One) and awarding compensatory and punitive damages in an amount no less than $250,000;

B. A judgment declaring that Musanti is liable for assault and battery against the plaintiff (Count Two) and awarding compensatory and punitive damages in an amount no less than $100,000;

C. A judgment declaring that Musanti is liable for false arrest against the plaintiff (Count Three) and awarding compensatory and punitive damages in an amount no less than $100,000;

D. A judgment declaring that Musanti is liable for malicious prosecution against the plaintiff (Count Four) and awarding compensatory and punitive damages in an amount no less than $100,000;

E. Pre-judgment and post-judgment interest as allowed by law;

F. Attorney's fees, costs, and disbursements as allowed by law; and

G. All other relief that the plaintiff may be entitled to under law, or as justice may require.

Dated: November 12, 2014
New York, New York

Respectfully submitted,

By: /s/ Steven M. Warshawsky
STEVEN M. WARSHAWSKY (SW 5431)
Empire State Building
350 Fifth Avenue, 59th Floor
New York, NY 10118
Tel: (212) 601-1980
Fax: (212) 601-2610
Email: smw@warshawskylawfirm.com
Website: www.warshawskylawfirm.com