UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- X
                                                    :
SCOTT WRIGHT,                                       :
                                                    :
                              Plaintiff,            :
                                                    :
              -v-                                   :        14-cv-8976 (KBF)
                                                    :
NYPD OFFICER MICHAEL MANETTA and                    :        OPINION & ORDER
JACQUELINE MUSANTI,                                 :
                                                    :
                              Defendants.           :
                                                    :
----------------------------------------------------------------- X

KATHERINE B. FORREST, District Judge:

Plaintiff Scott Wright, an African-American male, brought this action on November 12, 2014, alleging that on November 21, 2013 he was subjected to selective enforcement when defendant NYPD Officer Michael Manetta ("Officer Manetta") arrested and charged him with assault. Plaintiff alleges that his arrest followed an altercation with defendant Jacqueline Musanti ("Musanti"), a Caucasian female, whom Officer Manetta did not arrest or charge. The complaint alleges one claim against Officer Manetta for selective enforcement pursuant to 42 U.S.C. § 1983, and three claims against Musanti for assault and battery, false arrest, and malicious prosecution under New York law. (Compl., ECF No. 2.) Pending before the Court is Officer Manetta's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), based on two grounds. First, that plaintiff fails to state a selective enforcement claim, and second, on the ground of qualified immunity. (ECF No. 13.)

For the foregoing reasons, Officer Manetta's motion is GRANTED.  This action is hereby dismissed as to him.  In light of the Court's dismissal of plaintiff's sole federal law claim, plaintiff is ordered to show cause within 14 days why this action should not be dismissed for lack of federal subject matter jurisdiction.

I.    BACKGROUND

According to the allegations in the complaint, on November 21, 2013, at around 9:10 a.m., plaintiff was walking to work, heading west on 39th Street between Seventh Avenue and Eighth Avenue in New York, NY.  (Compl. ¶¶ 9-10.) Plaintiff alleges that he passed in front of defendant Musanti—who was also walking west on 39th Street—and that in response Musanti shortly thereafter intentionally kicked plaintiff twice in the back of his legs without provocation or justification.  (Compl. ¶¶ 11, 14.)  Musanti subsequently threatened to kick plaintiff again, yelled at him, and stood in plaintiff's path as he tried to walk towards the entrance of his office building.  (Compl. ¶¶ 12-13.)  In response, plaintiff "put his hands up and lightly pushed Musanti out of the way."  (Compl. ¶ 13.)  Musanti responded by attacking plaintiff in an angry and hysterical manner.  (Compl. ¶ 13.)

The complaint alleges that when Musanti did not stop her assault, plaintiff grabbed Musanti by her coat and pulled her to the ground, trying to immobilize her. (Compl. ¶ 16.)  Shortly thereafter, a security guard from plaintiff's office building grabbed plaintiff from behind and separated plaintiff and Musanti.  (Compl. ¶ 16.) Musanti continued to attack plaintiff until the security guard released him, at which time plaintiff entered his office building and proceeded to his office on the sixth floor.  (Compl. ¶ 17.)  Plaintiff alleges that, after the incident, he had a bloody

2

scratch on his face and other minor injuries, but that Musanti did not suffer any injuries.  (Compl. ¶¶ 19-20.)

Plaintiff alleges that at approximately 9:15 a.m., several NYPD officers, including defendant Officer Manetta, entered plaintiff's place of employment. (Compl. ¶ 21.)  Plaintiff alleges that the officers did not witness the altercation described above, but rather had been called to the scene by Musanti; he alleges that the officers informed him that Musanti "wanted to 'press charges' against him.'" (Compl. ¶¶ 21-22.)  Officer Manetta asked plaintiff what happened, and plaintiff explained that Musanti had kicked him for no reason and then started attacking him.  (Compl. ¶ 23.)  Another officer asked if Musanti hit plaintiff; when plaintiff said that Musanti hit him and pointed out the scratches on his face, the officer scoffed and said "I get scratched all the time."  (Compl. ¶ 23.)  Plaintiff repeatedly told the officers that he wanted to press charges against Musanti, but Officer Manetta refused to take his complaint and told plaintiff that he could not press charges against Musanti; Officer Manetta's only proffered reason was "because you can't."  (Compl. ¶ 25.)

Officer Manetta arrested plaintiff, handcuffed him, and escorted plaintiff out of his office.  (Compl. ¶ 27.)  Plaintiff was placed in the backseat of a patrol car and waited outside the front of his office for about 45 minutes, during which time plaintiff's boss arrived and went to speak to plaintiff.  (Compl. ¶ 27.)  An unidentified police officer—not Officer Manetta—said to plaintiff's boss with "malicious glee", "Are you going to free him?"  (Compl. ¶ 27.)  Plaintiff was taken to

3

the NYPD's 14th Precinct, where he was booked and issued a desk appearance ticket by Officer Manetta that charged plaintiff with assault in the third degree. (Compl. ¶¶ 28-29.)  Plaintiff alleges that during the booking process, Officer Manetta told plaintiff, "more than likely your case will be dismissed in court." (Compl. ¶ 28.)

Plaintiff appeared for his arraignment in criminal court and pled not guilty on January 6, 2014; at this point, plaintiff was charged with two counts of assault in the third degree, one count of attempted assault in the third degree, and one count of harassment in the second degree.  (Compl. ¶ 31.)  Plaintiff alleges that "all of the charges against [him] were based on false and malicious accusations by Musanti." (Compl. ¶ 32.)  Plaintiff was required to return to criminal court on at least six additional occasions, until his case was dismissed on speedy trial grounds on October 2, 2014.  (Compl. ¶¶ 34, 36.)

Plaintiff filed his complaint on November 12, 2014, alleging one claim against Officer Manetta under § 1983, and three claims against Musanti under New York law.  (ECF No. 2.)[1]  As to his § 1983 claim, plaintiff alleges that he was subjected to selective treatment by Officer Manetta when Officer Manetta arrested and charged plaintiff, but not Musanti, despite the fact that Officer Manetta knew Musanti to be "an equal participant in the altercation."  (Compl. ¶¶ 41, 42.)  Plaintiff alleges that the only relevant differences between himself and Musanti—and thus the only bases upon which Officer Manetta made his decision(s) as to whom to arrest—are

---

[1] The complaint asserts federal subject matter jurisdiction under 28 U.S.C. § 1331 based on plaintiff's § 1983 claim; it asserts supplemental jurisdiction under 28 U.S.C. § 1367 as to plaintiff's state law claims.  (Compl. ¶¶ 5-6.)

that plaintiff is African-American and male whereas Musanti is Caucasian and female.  (Compl. ¶ 43.)

Officer Manetta filed an answer on February 2, 2015 (ECF No. 6), and Musanti answered on March 13, 2015 (ECF No. 9).  On April 29, 2015, Officer Manetta brought the pending motion for judgment on the pleadings under Rule 12(c).  (ECF No. 13.)  Plaintiff filed an opposition brief on May 20, 2015 (ECF No. 16), and Officer Manetta filed a reply on May 27, 2015 (ECF No. 17).

On January 15, 2016, this action was reassigned to the undersigned.  On January 20, 2016, the Court ordered Officer Manetta to provide any additional argument relating to the issue of his entitlement to qualified immunity no later than January 27, 2016, and ordered plaintiff to provide any response no later than February 3, 2016.  (ECF No. 18.)  Officer Manetta filed his supplemental brief on January 27, 2016 (ECF No. 19), and plaintiff filed his response on February 3, 2016 (ECF No. 20).

## II.   LEGAL STANDARDS

### A.    <u>Motion for Judgment on the Pleadings</u>

Rule 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  The same standard applicable to Rule 12(b)(6) motions applies to motions brought under Rule 12(c).  <u>Bank of New York v. First Millennium, Inc.</u>, 607 F.3d 905, 922 (2d Cir. 2010).  Thus, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the non-moving party's favor, <u>id.</u>, and a complaint may be dismissed where it fails to plead "enough facts to

state a claim to relief that is plausible on its face," <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). Under Rule 12(c), the movant bears the burden of establishing "that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." <u>Juster Assocs. v. City of Rutland, Vt.</u>, 901 F.2d 266, 269 (2d Cir. 1990) (quotation marks and alteration omitted).

      B.    <u>Selective Enforcement</u>

A selective enforcement claim rests on principles of equal protection. <u>LaTrieste Rest. & Cabaret Inc. v. Vill. of Port Chester</u>, 40 F.3d 587, 590 (2d Cir. 1994). To prevail on a claim for selective enforcement, a plaintiff must show that: "'(1) the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" <u>Lisa's Party City, Inc. v. Town of Henrietta</u>, 185 F.3d 12, 16 (2d Cir. 1999) (quoting <u>LaTrieste Rest.</u>, 40 F.3d at 590); <u>see also</u> <u>Annis v. Cnty. of Westchester</u>, 136 F.3d 239, 247-48 (2d Cir. 1988) (affirming that gender constitutes an impermissible consideration).

"'A showing that the plaintiff was treated differently compared to others similarly situated' is a 'prerequisite' and a 'threshold' matter to a selective treatment claim." <u>Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills</u>, 815 F. Supp. 2d 679, 692 (S.D.N.Y. 2011) (quoting <u>Church of the Am. Knights of the Ku Klux Klan v. Kerik</u>, 356 F.3d 197, 210 (2d Cir. 2004)). Courts within this Circuit have held that individuals are similarly situated for purposes of selective enforcement claims when they are "similarly situated in all material respects." <u>Id.</u> at 696; <u>see</u>

Missere v. Gross, 826 F. Supp. 2d 542, 461 (S.D.N.Y. 2011) (stating that some courts have framed the standard as whether "'a prudent person, looking objectively at the incidents, would think them roughly equivalent'" (quoting Yajure v. DiMarzo, 130 F. Supp. 2d 568, 572 (S.D.N.Y. 2001))).  A plaintiff's "naked assertions of discrimination" are insufficient to survive the pleading stage.  Liang v. City of New York, No. 10-CV-3089 (ENV)(VVP), 2013 WL 5366394, at *11 (E.D.N.Y. Sept. 24, 2013).

Defendant argues that the standard for asserting a selective enforcement claim is the same as that for a "class of one" claim.  (Def.'s Opening Br. at 5-6, ECF No. 15; see also Def.'s Reply Br. at 2, ECF No. 17.)  A "class of one" claim arises when a plaintiff alleges that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).  There is disagreement within this Circuit as to whether "similarly situated" means the same thing in the context of a selective enforcement claim—in which the plaintiff claims selective treatment on the basis of an impermissible factor (e.g. race, gender, etc.)— as it does in the context of a class of one claim.  E.g., Mosdos Chofetz Chaim, 815 F. Supp. 2d at 693-97 (collecting and comparing cases); Viteritti v. Inc. Vill. of Bayville, 918 F. Supp. 126, 134-35 (E.D.N.Y. 2013) (collecting and comparing cases).

In order to establish a class of one claim, a plaintiff must show that: (1) "no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis

7

of a legitimate government policy", and (2) "the similarity in circumstances and different in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake." Ruston v. Town Bd. for Town of Skaneateles, 610 F.3d 55, 60 (2d Cir. 2010) (quoting Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (2d Cir. 2006)).  While the Second Circuit's formulations as to the elements necessary to establish selective treatment and class of one claims are nearly equivalent, a number of district courts have found that the similarly situated standard is "slightly less stringent in the selective enforcement context." Mosdos Chofetz Chaim, 815 F. Supp. 2d at 696; see also Gentile v. Nutty, 769 F. Supp. 2d 573, 580 (S.D.N.Y. 2011); Mangino v. Inc. Vill. of Patchogue, 739 F. Supp. 2d 205, 255-56 (E.D.N.Y. 2010).  To the extent that the similarly situated standard applicable to class of one claims is more stringent than that applicable to selective enforcement claims, the class of one standard is not relevant here.  Plaintiff clearly alleges a traditional selective enforcement claim—based on the impermissible factors of race and gender—rather than a class of one claim.  In any event, the Court does not rely on the above (slightly more stringent standard) from Ruston and Clubside in resolving defendant's motion, although the Court's reasoning would apply with equal force if that standard governed here.

     C.    Qualified Immunity

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v.

8

Fitzgerald, 457 U.S. 800, 818 (1982)).  Qualified immunity should be decided at the earliest possible stage in litigation.  Id. at 232; see also Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.").  Qualified immunity may be granted at the pleading stage where "the facts supporting the defense appear[ ] on the face of the complaint."  McKenna v. Wright, 386 F.3d 432, 435 (2d Cir. 2004).

"A Government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right."  Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2083 (2011) (quotation marks and alterations omitted).  While there need not be a case directly on point, "existing precedent must have placed the statutory or constitutional question beyond debate." Id.  Even if a right is clearly established, an officer is entitled to qualified immunity in circumstances where it "was objectively reasonable for the officer to believe the conduct at issue was lawful."  Gonzalez v. City of Schenectady, 728 F.3d 149, 154 (2d Cir. 2013) (quotation marks omitted).  Qualified immunity "'gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law.'"  Rogoz v. City of Hartford, 796 F.3d 236, 247 (2d Cir. 2015) (quoting Hunter v. Bryant, 502 U.S. 224, 229 (1991)).

III.    DISCUSSION

Officer Manetta argues that he is entitled to judgment on the pleadings under Rule 12(c) because plaintiff has failed to plausibly allege the elements

necessary to establish a selective enforcement claim and, alternatively, on the basis that he is entitled to qualified immunity. For the reasons set forth below, the Court dismisses plaintiff's selective enforcement claim on both grounds.

First, plaintiff has failed to plausibly allege the initial, threshold requirement of a selective enforcement claim, which is that he was subjected to selective treatment when compared with others that were <u>similarly situated</u> to him. <u>Lisa's Party City</u>, 185 F.3d at 16; <u>Mosdos Chofetz Chaim</u>, 815 F. Supp. 2d at 692. The only individual whom plaintiff alleges he was similarly situated to is Musanti, the other participant in the incident that gave rise to plaintiff's arrest. As defendant correctly points out, however, plaintiff's own allegations clearly show that plaintiff and Musanti were not similarly situated in at least one highly relevant and material respect. The material distinction is, namely, that after the altercation concluded, Musanti immediately contacted the police to report the incident, whereas plaintiff proceeded to his office and did not contact the authorities. (Compl. ¶¶ 17, 21-22.) In his opposition brief, plaintiff concedes that an inference—as "equally valid" as any other alternative—to have been drawn from the facts and circumstances known to Officer Manetta and the other officers who carried out the arrest was that plaintiff was at fault for the bulk of the incident. (Pl.'s Opp. Br. at 5, ECF No. 16.)

The distinction between Musanti calling the police and plaintiff not doing so is highly significant in light of plaintiff's allegation that the police officers who entered his office and arrested him, including Officer Manetta, were not present

during the altercation with Musanti.  (Compl. ¶ 21.)  As such, plaintiff alleges that the only information known to the officers when they entered his office was that Musanti had called the police to the scene to report the altercation and that plaintiff, who had visible scratches on his face, had left the scene and decided not to actively involve the authorities.  The complaint also alleges that plaintiff did not indicate an intention to "press charges" until after officers had arrived to question him and had informed him that Musanti sought to "press charges" against him. (Compl. ¶ 22.)  The Court's determination that the distinctions between plaintiff and Musanti are material is further supported by the fact that the probable cause standard, used to measure the legality of an arrest, "depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest."  Devenpeck v. Alford, 543 U.S. 146, 152 (2004).[2]

Second, even if the allegations in the complaint sufficiently pled a selective enforcement claim, the Court concludes, in the alternative, that Officer Manetta is entitled to qualified immunity.  As explained above, Officer Manetta is entitled to qualified immunity to the extent that his conduct did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known," Pearson, 555 U.S. at 231, or if it "was objectively reasonable for [him] to believe the conduct at issue was lawful," Gonzalez, 728 F.3d at 154.

---

[2] To the extent that plaintiff seeks to rely on allegations that officers other than Officer Manetta made stray comments that raise an inference of maliciousness or improper motive (e.g. plaintiff's allegation that an officer stated with "malicious glee" to plaintiff's employer, "Are you going to free him?" (Compl. ¶ 27)), such allegations are irrelevant because plaintiff does not allege that Officer Manetta endorsed or adopted any such statement, and plaintiff provides no other basis to impute such comments to Officer Manetta.

11

As alleged in the complaint, the facts known to Officer Manetta and his fellow officers regarding plaintiff's altercation with Musanti were that Musanti decided to immediately call the police to the scene, while plaintiff left the scene and chose not to call the police.  Plaintiff himself acknowledges this distinction.  (E.g., Pl.'s Supp. Br. at 4, ECF No. 20.)  Furthermore, as discussed above, plaintiff did not indicate to the officers that he sought to press charges until after he had been informed that Musanti sought to press charges against him.

Based on those facts, which the Court derives solely from plaintiff's own allegations, it cannot be said that Officer Manetta violated a clearly established right of which a reasonable person would have known.  At the very least, it was objectively reasonable under these circumstances for Officer Manetta to believe— and plaintiff cites no governing precedent to the contrary—that he was acting in accordance with the law in arresting and charging plaintiff, but not arresting and charging Musanti.  Zahra v. Town of Southhold, 48 F.3d 674, 687 (2d Cir. 1995) (stating that qualified immunity determination is based on "objective reasonableness of [the defendant's] actions at the time, and is not a subjective inquiry into their personal motives").  To the extent that plaintiff seeks to defeat Officer Manetta's motion with allegations that Officer Manetta and other officers exhibited malice, that argument cannot defeat the availability of Officer Manetta's qualified immunity where his conduct was objectively reasonable.  Id. at 687-88; Kaminsky v. Rosenblum, 929 F.2d 922, 925 (2d Cir. 1991).

IV.    CONCLUSION

For the reasons set forth above, defendant Michael Manetta's motion for judgment on the pleadings is GRANTED.  Defendant Manetta is hereby DISMISSED from this case.

By granting Officer Manetta's motion, the Court has dismissed the sole claim arising under federal law.  As a result, a question arises as to the Court's supplemental jurisdiction to hear plaintiff's remaining state law claims.  See 28 U.S.C. § 1367(c)(3); Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006).  In a footnote in plaintiff's supplemental brief, he asserts that the action should not be dismissed as to Musanti on the ground that diversity jurisdiction is proper.  (Pl.'s Supp. Br. at 6 n.1.)  As this issue has not been adequately briefed by the relevant parties as part of Officer Manetta's motion, the Court hereby orders plaintiff to show cause **within 14 days** setting forth in further detail why this action should not be dismissed for lack of federal subject matter jurisdiction in light of this decision.

The Clerk of Court is directed to close the motion at ECF No. 13.

SO ORDERED.

Dated:     New York, New York
           February 5, 2016

                                    KATHERINE B. FORREST
                                    United States District Judge

13